2013 OK 76

**Steven KING, Plaintiff/Appellee,**

**v.**

**BERRYHILL FIRE PROTECTION DISTRICT, A Governmental Unit, Defendant/Appellant.**

**No. 109044.**

Supreme Court of Oklahoma.

Sept. 24, 2013.

As Corrected Sept. 25, 2013.

Steven R. Hickman, Frasier, Frasier & Hickman, LLP, Tulsa, Oklahoma, for Plaintiff/Appellee,

Terry S. O'Donnell & Joshua A. Cline, Savage, O'Donnell, Affeldt, Weintraub & Johnson, Tulsa, Oklahoma, for Defendant/Appellant.

REIF, V.C.J.

¶1 This case concerns a claim that the Berryhill Fire Protection District wrongfully terminated the employment of Steven King for his efforts to stop a "training exercise" that involved the burning of structures owned by the fire chief. The trial court believed that the circumstances surrounding the fire chief's decision to burn the structures in question created a factual issue over whether this "training exercise" would vio-

late the statutory prohibition against arson. The jury found that King acted to prevent arson and was wrongfully terminated for performing an act consistent with this clear and compelling policy.

¶2 The Court of Civil Appeals disagreed, ruling that burning the structures for training could not constitute arson as a matter of law. The Court of Civil Appeals noted that arson requires a "malicious burning" or one **without** just cause or excuse. The Court of Civil Appeals reasoned that the burning of the structures for a fire district training exercise could not be a "malicious burning," because it involved a burning **with** a just cause or excuse. Upon review, we disagree with this analysis.

██ ¶3 The chief problem with this analysis is that it invades the province of the jury. The jury heard the accounts of both King and the fire chief concerning the plan to burn the structures, and more importantly, viewed their demeanor as they testified. The jury was free to consider and weigh the self-interest on the part of the fire chief, as well as the numerous factors that indicated burning of the structures would not be appropriate for training. The jury was likewise free not to believe the fire chief's explanation that he intended the burn to be a training exercise. In doing so, the jury could reasonably conclude the "training exercise" was a pretext and the attempt of the fire chief to do indirectly what he could not do directly, *i.e.*, commit arson by burning the structures himself.

██ ¶4 It is well settled that "[a]n employer's termination of an at-will employee in contravention of a clear mandate of public policy is a tortious breach of contractual obli-

gations." *Burk v. K–Mart Corp.*, 1989 OK 22, ¶17, 770 P.2d 24, 28 (footnote omitted). Early on, this Court generally recognized that "the employer has committed a wrong against the employee and society at large when the employee is discharged for doing that which is right [in the public interest] or refusing to do that which is wrong." *Marshall v. OK Rental & Leasing, Inc.*, 1997 OK 34, ¶8, 939 P.2d 1116, 1119 (overruled in other respects by *Kruchowski v. The Weyerhaeuser Company*, 2008 OK 105, ¶35, 202 P.3d 144, 154). More recently, this Court has specifically recognized that "Employees who report and complain of an employer's unlawful or unsafe practices and whose actions seek to further public good by unmasking these breaches should be protected from an employer's retaliation." *Vasek v. Board of County Commissioners of Noble County*, 2008 OK 35, ¶22, 186 P.3d 928, 933 (citation omitted).

¶5 In the case at hand, the jury believed Mr. King's account that he was fired in retaliation for exposing and opposing the unlawful and unsafe burning of structures owned by the fire chief under the guise of a "training exercise." Furthermore, the jury either (1) did not believe the non-retaliatory reasons proffered by the fire chief and fire district for his termination, or (2) concluded that Mr. King's exposure of and opposition to the unlawful and unsafe burning constituted a significant factor in the decision to terminate him, notwithstanding any non-retaliatory reasons. *Id.* at ¶¶30–31, 186 P.3d at 934. The trial court's judgment on the jury verdict must be affirmed because review of the record reveals competent evidence to support the jury's verdict and no fundamental error[1]

1. The Court of Civil Appeals limited its opinion to deciding the issue of whether the trial court erred in submitting King's wrongful termination claim to the jury. In addition to this issue, Berryhill's brief-in-chief also contended that the trial court abused its discretion in failing to grant a new trial. Berryhill argued that certain rulings by the trial court (1) resulted in the jury returning excessive damages, and (2) caused irregularity in the proceedings that denied Berryhill a fair trial.

On the issue of excessive damages, the brief-in-chief made three specific complaints. The first complaint concerns the court's exclusion of

King's income tax returns. The second complaint concerns the court's instruction that allowed the jury to award King the salary he would have earned in the time between termination and trial. The third complaint is the court's refusal to instruct on King's failure to mitigate his damages in view of his failure to seek employment elsewhere as a paid firefighter.

On the issue of irregularity/denial of fair trial, the brief-in-chief presented six specific complaints. The first complaint is the court excluded of a former fire district board member as Berryhill's representative at trial. The second complaint is the court allowed a fireman-witness King desig-

in the trial of this case. 12 O.S.2011, § 78; 20 O.S.2011, § 3001.1.

**CERTIORARI PREVIOUSLY GRANTED, COURT OF CIVIL APPEALS OPINION VACATED, TRIAL COURT'S JUDGMENT ON THE JURY VERDICT AFFIRMED.**

¶ 6 COLBERT, C.J., REIF, V.C.J., WATT, EDMONDSON, COMBS and GURICH, JJ., concur.

¶ 7 KAUGER, J., concurs in result.

¶ 8 WINCHESTER and TAYLOR, JJ., dissent.

GURICH, J., with whom KAUGER and EDMONDSON, JJ. join concurring:

¶ 1 Plaintiff King was a paid firefighter for the Berryhill Fire Protection District and worked under the supervision of Fire Chief Downing. Chief Downing wanted to remove structures from real property he owned and had received an estimate for the demolition of structures on his property in the amount of $10,000. Rather than paying to have the structures demolished, Chief Downing began planning a live burn training exercise on the property even though gasoline tank batteries were located on nearby property on three sides of his property, trains operated on tracks on the immediate east side of his property, electrical lines were near the structures, and there was a large tree that could have caught fire. Further, there was no water immediately available at the proposed burn site. At trial, witnesses for both parties testified that the property was not an appropriate site for such a drill.

¶ 2 After learning about the Chief's plan to conduct a live burn on his property, and believing the planned exercise would constitute arson, King reported his concerns to Chief Downing and others in the department. King also reported the matter to a Tulsa Fire Department employee. After the Tulsa Fire Department contacted the Berryhill Fire Department about the live burn, the exercise was cancelled. King was later terminated from his employment with the Berryhill Fire Department. Believing his termination was in retaliation for his efforts to stop the live burn exercise, King sued the Berryhill Fire Department for retaliatory discharge.

¶ 3 After hearing conflicting evidence from both sides and evaluating the credibility of the witnesses, the jury agreed with King and found King's protest of the planned burn exercise resulted in his wrongful termination from employment in violation of the public policy of this state. I agree with the majority that the trial court did not abuse its discretion in submitting King's claim to the jury. Because the Court of Civil Appeals decision invades the province of the jury, I concur.

WINCHESTER, J., with whom TAYLOR, J., joins, dissenting.

¶ 1 The majority opinion affirms the trial court's decision based on competent evidence

nated for one limited purpose to testify about the "training exercise." The third complaint is that the court permitted King to use the deposition given by the fire chief in a federal case in which King sued the fire chief personally. The fourth complaint concerns the court allowing King to use a fireman-witness designated for a particular purpose as an expert on the dangers of the proposed "training exercise." The fifth complaint is that the court let a witness testify about the fire chief discouraging "unionizing" the fire district employees contrary to a granted motion in limine. The sixth and final complaint concerns the court admitting a photograph that King's attorney represented to depict King in running shorts at the fire station, when the person in the picture was actually a county commissioner. (One of the disputed issues was whether Berryhill had allowed running shorts at the fire station before it sought to make this a basis for King's termination.)

The gist of Berryhill's plea for a new trial is that these alleged errors misled the jury, caused surprise to Berryhill in the trial of this case, and allowed the jury to consider irrelevant matters that prejudiced Berryhill. When viewed in the context of the record as a whole, we do not agree that these matters individually or collectively warrant a new trial. We find that the damages were not excessive because King established that "but for" the wrongful termination, he would have earned the amount of the lost wages through the date of trial (*i.e.*, until the court could consider reinstatement as a potential remedy). Even assuming error in the other matters, such error would be harmless, because the pivotal issue in this case was the credibility of King and the fire chief which the jury resolved in favor of King.

to support the jury's verdict and no fundamental error in the trial of the case. Yet, this case was submitted to the jury on the question of whether plaintiff was terminated in retaliation for reporting an attempted arson. Critical to the case is the fact that no fire occurred, it was merely proposed as a training exercise for the fire district. The fire chief, upon consultation and consideration, omitted the burning portion of the exercise. There was no eminent danger of fire. Merely consideration of a proposed statutorily authorized action, and then deciding otherwise does not meet the definition of a violation of public policy. The COCA opinion rightly reasoned that burning structures for fire district training exercises is not a malicious burning because the intent is a just cause. That cause being adding to the skills and experience of those entrusted with fighting fires, in a safe and controlled environment. Several witnesses testified the situation was deemed unsafe and the live burn element of the exercise was eliminated. If the arson statute were invoked every time a fire district considered conducting live burn exercises, Oklahoma firefighters would be poorly prepared to fight fires.

¶ 2 In *Burk v. K–Mart Corp.*, 1989 OK 22, ¶ 19, 770 P.2d 24, this Court stated the circumstances for an actionable tort claim exist when "an employee is discharged for refusing to act in violation of an established and well-defined public policy or for performing an act consistent with a clear and compelling public policy." Plaintiff's actions in this case fit neither of those criteria. Plaintiff says he notified the Tulsa Fire Department of the possibility of a live burn training exercise. Trial testimony indicates notifying other departments of training exercises was not at all unusual. (Tr. Vol. IV at 685)

¶ 3 A preponderance of the evidence suggests Plaintiff's work performance and attitude at the Berryhill Fire District were subpar. In the months preceding his termination, he received several disciplinary write-ups and testimony indicates volunteers were not eager to work with him. (Tr. Vol. IV at 701) To conclude his termination was a result of retaliation over a single incident which appears to have inflicted no damages on any

of the players involved requires an interpretation of the record I am unwilling to make.